UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at Covington

| | | |
|---|---|---|
| EH KO LO, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:26-cv-00157-SCM |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| SAM OLSON, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

*** *** *** ***

Petitioner Eh Ko Lo filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Dkt. 1]. The Court previously set a hearing in this matter, requested a status report from the Respondents, and allowed the Petitioner to file a response thereto. [Dkt. 10].

The Federal Respondents filed a status report advising the Court that the Petitioner "has not yet been accepted [for removal] by another country," that they will "keep nominating him to third countries" for removal, and that "ICE is not going to release Petitioner unless ordered by this Court to do so." [Dkt. 10 at 1–2]. Finally, the Federal Respondents acknowledged that they "are aware of the six-month detention period and of the 'significant likelihood of removal in the reasonably foreseeable future' standard from *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001)." [Dkt. 10 at 2]. The status report concluded by stating that the Federal Respondents "have no other information about Petitioner's removal to share at a hearing" and that

"[t]here are no factual disputes in this case." [*Id.*].

The Petitioner filed a response agreeing that there were no fact disputes, noting that he has been in custody for over one year, and arguing that the Government has failed to establish a significant likelihood of removal in the reasonably foreseeable future based on the record before the Court. [Dkt. 12 at 2]. This, the Petitioner argues, means that he is being held in contravention of his Due Process rights, as those rights were interpreted by the Supreme Court in *Zadvydas*. [*Id.*]. After these filings, the parties also filed a Joint Motion to Cancel Hearing due to their agreement that there is no factual dispute. [Dkt. 14].

In *Zadvydas*, the Supreme Court held that an alien may "be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Although this Court shares the skepticism other courts have articulated about the *Zadvydas* framework, this Court is nonetheless bound to agree with the Petitioner on the record presented and grant the Petition. *See Ma v. Woosley*, No. 4:26-CV-69-BJB, 2026 WL 1907969, at *4–8 (W.D. Ky. July 2, 2026) (emphasis omitted) (expressing "doctrinal concerns" with *Zadvydas* but concluding that because the Government failed to establish a likelihood of removal, the habeas petition must be granted). Like in *Ma*, "the Government's bare recital that it hopes to remove [Petitioner] to some nameless place is not 'sufficient to rebut' [the Petitioner's] initial showing, after months of waiting, that removal was not coming soon." *Id.* at *9. And so, for the reasons articulated in *Ma*, the Court concludes that the Petition must be granted on the

record presented.

The Court being sufficiently advised, **IT IS ORDERED** as follows:

1) The parties' Joint Motion to Cancel Hearing, [Dkt. 14], is **GRANTED**.

2) The hearing in this matter scheduled for September 11, 2026 at 1:30 p.m. is hereby **CANCELED**.

3) The Petitioner's Petition for a Writ of Habeas Corpus, [Dkt. 1], is hereby **GRANTED**. The Petitioner shall be **RELEASED** from custody **WITHIN TEN DAYS** of this Order subject to continuing supervision by ICE.

4) Nothing in this Order determines or limits what "release conditions" may be appropriate for the Petitioner's supervision after his release.

5) A separate Judgment will be filed.

Signed this 4th day of September, 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky